TYCO HEALTHCARE RETAIL
SERVICES AG, Plaintiff,

v.

KIMBERLY–CLARK CORP.,
et al., Defendants.

No. CIV.A. 06–3762.

United States District Court,
E.D. Pennsylvania.

March 29, 2007.

Mark T. Banner, Marc S. Cooperman, Janice V. Mitrius and Michael Harris, all of Banner & Witcoff Ltd, for Kimberly–Clark Corp.

## ORDER

McLAUGHLIN, District Judge.

AND NOW, this 29th day of March, 2007, upon consideration of the plaintiff's motion to dismiss the defendants' counterclaim and affirmative defense of inequitable conduct (Docket No. 42), the defendants' opposition, and the plaintiff's reply, IT IS HEREBY ORDERED that the motion is DENIED.

The plaintiff has sued the defendants for patent infringement. The defendants' fifth affirmative defense and third counterclaim allege that the plaintiff's patent is unenforceable because of the inequitable conduct of the patent's inventor, Ruth Levy.

According to the defendants, Levy's inequitable conduct consists of allegedly false and misleading statements she made to the Patent and Trademark Office ("PTO") during the patent's prosecution. Levy made a material misrepresentation, they contend, when she claimed that the concentric lines in her patent were functional. The defendants assert that Levy's deposition testimony in another case, where she testified that the concentric lines were merely decorative, shows that her statements to the PTO were false.

The plaintiff argues that the counterclaim and the affirmative defense fail to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and fail to state a claim on which relief can be granted. The defendants argue that their counterclaim and affirmative defense are sufficiently pled, even as measured against Rule 9(b)'s heightened standard.

To state a claim of inequitable conduct, a party must allege that the patent applicant: (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false information and (2) intended to deceive the PTO. *Cargill, Inc. v. Canbra Foods, Ltd.*, 476 F.3d 1359, 1363 (Fed.Cir. 2007). Rule 9(b) requires that a pleading set forth: (1) who made the misrepresentation to whom and the general content of the misrepresentation and (2) either the date, place, or time of the misrepresentation or other measure of substantiation of the allegations. *Lum v. Bank of America*, 361 F.3d 217, 223–24 (3d Cir.2004).

■ In this case, the defendants' allegations of inequitable conduct are supported by sufficient facts. Levy attested to the functionality of the lines, according to the defendants, in December 12, 2001 and July 9, 2002 amendments to the patent application, as well as a June 26, 2002 declaration submitted to the PTO. (Amended Ans. at 3–6; 8–10.) The defendants have thus stated the dates and content of, and the parties to, the alleged misrepresentation.

■ The next question is whether the allegations state a claim under Rule 12(b)(6). As to the materiality requirement, information is material where there is a substantial likelihood that a "reasonable examiner" would consider it important in deciding whether to allow the application to issue as a patent. *Cargill, Inc.*, 476 F.3d at 1364.[1]

The plaintiff claims that Levy's statements were not misleading, and that any allegedly misleading statement was not material, because Levy testified in her deposition only that: (1) certain products manufactured by the plaintiff lacked functional channels and (2) she had not herself created a functional embossed channel.

■ The plaintiff does not address, however, the potential misrepresentation highlighted by Levy's answer when she was specifically asked about the patent at issue in this suit:

Q: Are the channels in this document [the patent] or this—claimed invention decorative?

A: I haven't read this patent in several years. But I think the hope was that we would do a good enough job embossing that they would become functional in a way that I don't currently see embossment. (Amended Ans. Ex. F at 297.)

Levy was thus asked specifically if the lines in her patent were functional. Her vague answer does not foreclose the possibility that she did not see the lines as functional when she submitted the patent application. From the portions of the patent's prosecution history submitted by the parties, it appears that in rebutting the PTO's original rejection of the patent, Levy stressed the functionality of her invention's lines. (Amended Ans. Ex. B at 6.) A concession to the PTO that she never viewed the lines as functional would potentially have affected the PTO's view of the invention's patentability. The plaintiff might think that the defendants are over-reading Levy's deposition, but that speaks to whether the defendants have proven a misrepresentation, not whether they have pled materiality.

■ The defendants have also sufficiently pled intent. According to Rule 9(b), intent may be "averred generally." Even if intent needed to be shown more specifically, intent may be inferred where a patent applicant knew or should have known that withheld information would be material to the PTO. *Cargill, Inc.*, 476 F.3d at 1366. An applicant should know information is material when the examiner repeatedly raises an issue to which the information relates. *Id.* In view of the amended answer's reference to the back-and-forth between Levy and the PTO about the functionality of the lines, the

---

1. Alternatively, information is material if it refutes, or is inconsistent with, a position the applicant takes in opposing an argument of unpatentability by the PTO or asserting an argument of patentability. *Purdue Pharma, L.P. v. Endo Pharmaceuticals, Inc.*, 438 F.3d 1123, 1129 (Fed.Cir.2006). If information is material under this standard, it is also material under the "reasonable examiner" standard, and vice versa. *Cargill, Inc.*, 476 F.3d at 1364.

defendants have sufficiently pled facts to support the intent requirement.